UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAMOD PALLEK *et al.*<br><br>　Plaintiffs,<br><br>　v.<br><br>BROOKE ROLLINS, in her official capacity as U.S. Secretary of Agriculture, *et al.*<br><br>　Defendants. | **DECLARATION OF SHIELA CORLEY**<br><br>Civil Action No. 1:25-cv-01650-JMC |

Pursuant to 28 U.S.C. § 1746, I Shiela Corley, declare:

　　1.　　I am the Chief of Staff to the Deputy Under Secretary for the Food, Nutrition, and Consumer Services ("FNCS") mission area, which is a component of the United States Department of Agriculture ("USDA"). I have served in this position since February 2025 and have worked for FNCS since 2018. I have worked for USDA in various capacities since 1995.

　　2.　　In my capacity as Chief of Staff, I provide guidance and support to USDA senior leadership on matters pertaining to the administration of sixteen domestic nutrition and food security programs and the promotion of the dietary guidelines. I also supervise Gina Brand, the Senior Policy Advisor for Integrity.

　　3.　　I make the statements herein based on personal knowledge, as well as on information I acquired while performing my official duties, including a review of agency files and discussions with colleagues at the Food Nutrition Service who are familiar with the facts at issue in this litigation.

**DECLARATION OF SHIELA CORLEY - 1**

**I.    Administration of the Supplemental Nutrition Assistance Program ("SNAP").**

4.     The Food and Nutrition Service ("FNS") is an agency within the FNCS mission area.

5.     FNS administers nutrition assistance programs for USDA, including the Supplemental Nutrition Assistance Program ("SNAP"). 7 C.F.R. § 271.3. The mission of FNS is to provide children and needy families with better access to food and a more healthful diet through its food assistance programs and comprehensive nutrition education efforts.

6.     The mission of SNAP is "to safeguard the health and well-being of the Nation's population by raising the levels of nutrition among low-income households." 7 U.S.C. § 2011. Assistance is focused on increasing the food purchasing power of eligible households by supplementing the funds those households have to spend on food with SNAP benefits. 7 U.S.C. § 2013.

7.     SNAP's administration is accomplished through partnerships with State Agencies. "State Agency" refers to the agency of State government, including its local offices, which has "the responsibility for the administration of the federally aided public assistance programs within such State." 7 U.S.C. § 2012(s)(1). For SNAP, the State Agencies conduct eligibility determinations for applicant households and calculate benefit amounts for eligible households.

8.     A household that meets SNAP eligibility requirements, which are predominantly income and asset-focused, is provided an Electronic Benefit Transfer (EBT) card they can then use to access their SNAP benefits. The SNAP benefits, which are 100% federally funded, are loaded onto the EBT card monthly and may only be used to purchase eligible food at SNAP-authorized retailers.

**DECLARATION OF SHIELA CORLEY - 2**

9.  State agencies contract with EBT Processers to issue SNAP benefits to households. The EBT Processors hold the personal information obtained from SNAP applicants. Multiple States have contract provisions with the EBT Processors providing that applicant data cannot be disclosed absent State consent.

10. At the federal level, FNS is responsible, in part, for administering SNAP for retail food stores and issuing administrative rules. *See* 7 U.S.C. § 2013(a), (c); 7 CFR § 271.3. Additionally, FNS is charged with overseeing the State's administration of SNAP, including reviewing the States' submitted Plans of Operations and their payment accuracy. 7 U.S.C. § 2020(d). FNS also conducts oversight of State Agencies' administration and enforcement of SNAP, but the scope of that oversight is currently limited to reviews of a small fraction of State Agency actions at a time. For example, while FNS conducts annual Management Evaluations of State Agencies, they are limited to "target areas" that look only at specific elements of SNAP operations. Additionally, while SNAP Quality Control reviews the State Agency eligibility and benefit level determinations, that process only involves Federal review of a subsample of the State Agency's entire caseload for a given fiscal year.

**II.   USDA's May 6, 2025 Letter to State Agency Directors.**

  **A.  USDA Has Not Collected or Obtained Data in Response to the May 6 Letter.**

11. On May 6, 2025, USDA sent a letter ("May 6 Letter") to all SNAP State Agency Directors, informing them that, pursuant to its authority under the Food and Nutrition Act of 2008, USDA will be collecting data from their EBT Processors to ensure program integrity. Ensuring program integrity includes verifying the accuracy of eligibility determinations. This letter was signed by Senior Policy Advisor for Integrity Gina Brand and was subsequently published on FNS' public website. The Letter provides two authorities under the Food and

**DECLARATION OF SHIELA CORLEY - 3**

Nutrition Act and implementing regulations that provide for sharing of SNAP applicant data with FNS. First, 7 U.S.C. § 2020(a)(3)(B)(i) requires States to make "available for inspection and audit by the Secretary" all SNAP records "subject to data and security protocols agreed to by the State agency and Secretary." *See also* 7 C.F.R. § 272.1(e). Second, 7 U.S.C. § 2020(e)(8)(A) provides that State "safeguards shall permit – the disclosure of such information to persons directly connected with the administration or enforcement of the provisions of this Act, [and] regulations issued pursuant to this Act… and the subsequent use of the information by [such persons] only for such administration or enforcement." *See also* 7 C.F.R. § 272.1(c)(1).

12. The May 6 Letter explained to State Agencies the purpose of this upcoming data collection so that State Agencies understood that their consent to disclosure, where required by contract with the EBT Processor, complied with 7 U.S.C. § 2020(a)(3)(B)(i) and 7 U.S.C. § 2020(e)(8)(A) and would not violate statutory requirements to safeguard SNAP applicant data.

13. Although USDA sent and published the May 6 letter, USDA has not obtained any data responsive to the letter. Indeed, USDA has instructed EBT Processors to refrain from sending any data until USDA completed procedural steps to ensure that data received would be appropriately safeguarded and to satisfy all necessary legal requirements. In accordance with USDA's instruction, EBT Processors have not sent any data to USDA in response to the May 6 letter.

14. Before any of the data described in the May 6 Letter is provided to USDA, USDA intends to publish a new SORN in compliance with the Privacy Act. USDA began developing this SORN prior to the filing of this lawsuit, and it is currently in the final stages of review. The new SORN will not take effect until all procedural steps have been satisfied.

**DECLARATION OF SHIELA CORLEY - 4**

Under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), I declare the foregoing to be true and correct to the best of my knowledge.

On this 30th day of May 2025, in Washington, D.C.

_____

Shiela Corley

**DECLARATION OF SHIELA CORLEY - 5**