IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAMOD PALLEK, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br><br>BROOKE L. ROLLINS, in her official capacity as U.S. Secretary of Agriculture, *et al.*<br>*Defendants*. | **CONSENT MOTION FOR LEAVE TO FILE AMENDED/SUPPLEMENTAL COMPLAINT**<br><br>Civil Action No. 1:25-cv-01650-JMC |

## INTRODUCTION

In conjunction with an amendment as a matter of course under Fed. R. Civ. P. 15(a)(1), Plaintiffs move for leave to supplement their complaint pursuant to Fed. R. Civ. P. 15(d). The amended and supplemental complaint amends certain allegations in place prior to the filing of the original Complaint, and sets forth allegations of "event[s] that happened after the date of" the original complaint. Fed. R. Civ. P. 15(d); *see Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006). A copy of the proposed complaint is attached hereto as Exhibit A.

Pursuant to Local Civil Rule 7(m), on July 15, 2025, counsel for Plaintiffs emailed counsel for Defendants giving notice of their intention to move for leave under Rule 15(d) and requesting Defendants' position on the motion. Defendants consent to the motion.

## STANDARD OF REVIEW

Unlike an amended complaint, which "typically rest[s] on matters in place prior to the filing of the original pleading," *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (emphasis removed), a supplemental complaint sets forth "transaction[s], occurrence[s], or

event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A supplemental complaint is used "to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; [and] to include new parties where subsequent events have made it necessary to do so." *Hicks*, 283 F.3d at 386 (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504 (3d ed. 2010)).

Before filing a supplemental complaint, a plaintiff must first request leave from the court. *Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006); Fed. R. Civ. P. 15(d) (providing that a court "may, on just terms, permit a party to serve a supplemental pleading"). A motion for leave to supplement a pleading is "to be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall*, 437 F.3d at 101 (citation omitted); *BEG Investments, LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015). Generally, leave to supplement a pleading should be freely given. *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017); *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). "It is the opposing party's burden to demonstrate why leave should not be granted." *Lannan Found.*, 300 F. Supp. 3d at 12.

## ARGUMENT

Plaintiffs' request for leave to supplement, filed in connection with their intent to file an amended complaint as of right under Fed. R. Civ. P. 15(a)(1), should readily be granted. As set forth more fully in the proposed Amended and Supplemental Complaint, this urgent litigation seeks to ensure that the government is not exploiting the most vulnerable beneficiaries of key

programs by disregarding longstanding privacy protections, depriving the public of critical information regarding data collection and protections, and eviscerating the public's right to comment on the mass collection and consolidation by the federal government of the sensitive personal data of tens of millions of individuals who rely on federal food assistance benefits.

On May 22, 2025, Plaintiffs filed their Complaint and shortly thereafter moved for emergency injunctive relief. Seemingly in response, the government abruptly changed course, pledging to "satisfy all necessary legal requirements." But that has not happened; rather, Defendants have issued slipshod and facially inadequate notices, unlawfully cut required corners, and then, on July 9, without notice to Plaintiffs, renewed the Initial Data Demand even when a public comment period was still open. The government is scheduled to begin collecting millions of records on July 24—the day after public comments are due—and without regard to the substance of those comments.

Supplementation is in the interest of judicial economy, will not cause any delay, and promote the economic and speedy disposition of this matter. In addition to amendments made as of right under Fed. R. Civ. P. 15(a), Plaintiffs are seeking to add allegations and causes of action to bring this matter up to date, which is appropriate given Defendants' prior representations in this case and acts taken with respect to the precise matter at issue. Supplementation will neither delay nor inconvenience the proceedings in this case because Defendants have not yet filed an answer or other responsive pleading; there are no deadlines set. In contrast, denying supplementation would require Plaintiffs to have to initiate a new lawsuit against Defendants, with costs—but no benefit—to any party.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion to supplement the complaint.

Dated: July 16, 2025

Deana El-Mallawany*
PROTECT DEMOCRACY PROJECT
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
deana.elmallawany@protectdemocracy.org

Nicole Schneidman*
PROTECT DEMOCRACY PROJECT
P.O. Box 341423
Los Angeles, CA 90034-9998
(202) 579-4582
nicole.schneidman@protectdemocracy.org

JoAnna Suriani (D.C. Bar No. 1645212)*
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
(202) 579-4582
joanna.suriani@protectdemocracy.org

*Counsel for Plaintiffs MAZON, EPIC, Ramos & Hollingsworth*

Saima A. Akhtar (NY Bar No. 4661237)*
NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, NY 10004
(212) 633-6967 (telephone)
(212) 633-6371 (fax)
Email: akhtar@nclej.org

*Counsel for Plaintiffs MAZON, EPIC, Ramos & Hollingsworth*

Respectfully Submitted,

*/s/ Daniel A Zibel*
Daniel A. Zibel (D.C. Bar No. 491377)
Madeline Wiseman (D.C. Bar No. 90031948)
Melissa Padilla (D.C. Bar No. 90018065)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1701 Rhode Island Ave. NW
Washington, DC 20036
(202) 734-7495
Email: dan@defendstudents.org
       madeline@defendstudents.org
       melissa@defendstudents.org

*Counsel for Plaintiffs*

John L. Davisson (D.C. Bar No. 1531914)
Sara Geoghegan (D.C. Bar No. 90007340)
Kabbas Azhar (D.C. Bar No. 90027866)
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Ave, N.W.
Washington, D.C. 20036
Telephone: (202) 483-1140
Fax: (202) 483-1248
Email: davisson@epic.org
       geoghegan@epic.org
       azhar@epic.org

*Counsel for EPIC*

*Admitted *Pro Hac Vice*